IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 7 |
| SHAWN ZACH | : | |
| | : | CASE NO. 1-08-bk-04160 RNO |
| Debtor | : | |

***

| | | |
|---|---|---|
| EDWARD G. RAHLL & SONS, INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN ZACH | : | |
| | : | |
| Defendant | : | ADVERSARY NO. 1-08-ap-00160 RNO |

## **Opinion**[1]

Presently before this Court is the Motion of the Plaintiff, Edward G. Rahll & Sons, Inc., for Summary Judgment. For the reasons stated herein, the Motion for Summary Judgment is denied and the matter will proceed to a rescheduled trial date.

**I.     Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(B)(1)&(2)(a)(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

**II.    Facts**

This adversary proceeding was filed by Edward G. Rahll & Sons, Inc. ("Rahll") on December 1, 2008. Rahll seeks a denial of discharge of debts pertaining to its sale of produce to Defendant, Shawn Zach ("Zach"). Pl.'s Compl. 2-4. It is admitted Zach was a dealer subject to

---

[1]     Drafted with the assistance of William C. Blasses, Esquire, Law Clerk

1

the Perishable Agricultural Commodities Act ("PACA"). Def.'s St. of Mat. Facts 1. Zach began purchasing produce from Rahll in 2004. Def.'s St. of Mat. Facts 1-2. Zach filed a petition for relief under Chapter 7 on November 7, 2008. Rahll maintains that Zach owes $55,319.00 for produce sold to Zach between May 2, 2008, and June 27, 2008. Pl.'s Compl. 2. This debt is alleged to be from the breach of a statutory trust created by PACA. Pl.'s Compl. 2-3. Rahll, therefore, seeks that this debt be determined to be non-dischargeable as resulting from defalcation while acting in a fiduciary capacity. Pl.'s Compl. 4.

### III. Summary Judgment Standard

Summary judgment is governed by Federal Rule of Civil Procedure 56(c) which is made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2550, 91 L.Ed.2d 265 (1986) (citing Fed. R. Civ. P. 56(c)). The moving party has the burden of demonstrating that a genuine issue of material fact is absent. *Celotex Corp.*, 477 U.S. at 322-23.

"In evaluating the evidence, 'a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.' " *Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 276 (3d Cir. 2001) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct.

2505, 2511, 91 L.Ed.2d 202 (1986). Determinations regarding issues of credibility and weighing of evidence are not functions suitable for summary disposition. *See Anderson*, 477 U.S. at 255. ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").

**IV.     Discussion**

    **A.     11 U.S.C. § 523(a)(4)**[2]

Rahll is seeking to have debts owed for the sale of produce exempted from discharge, as falling within the exception stated in § 523(a)(4). Pursuant to § 523(a)(4), debts resulting from defalcation while acting in a fiduciary capacity are excepted from discharge. *In re Masdea*, 307 B.R. 466, 472 (Bankr. W.D.Pa. 2004). A party seeking to except such a debt from discharge ". . . must prove that: (1) there was a pre-existing fiduciary relationship between debtor and the creditor; (2) debtor acted in violation of that relationship; and (3) the creditor suffered an economic loss as a consequence." *In re Baillie*, 368 B.R. 458, 469 (Bankr. W.D.Pa. 2007) (citing *Commonwealth Land Title Company v. Blaszak (In re Blaszak)*, 397 F.3d 386, 390 (6th Cir. 2005)). The elements must be shown by a preponderance of the evidence by the party opposing discharge *Grogan v. Garner*, 498 U.S. 279, 289-90, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). Also, exceptions to discharge are construed narrowly against the creditor and in favor of a debtor's fresh start. *In re Giquinto*, 388 B.R. 152, 164 (Bankr. E.D.Pa. 2008).

---

[2]    Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

A fiduciary relationship is defined by federal law and, therefore, can be more narrow than under common law. *In re Masdea*, 307 B.R. at 472. "A fiduciary relationship established by a statute also may cause a debtor to be considered a fiduciary for purposes of § 523(a)(4)." *In re Masdea*, 307 B.R. at 472 (citing *In re Hemmeter*, 242 F.3d 1186, 1190 (9th Cir. 2001) and *Quaif v. Johnson*, 4 F.3d 950, 953-54 (11th Cir. 1993)). However, even a debtor who is a fiduciary under a statute may not be a fiduciary under § 523(a)(4) if no specific trust res has been established. *In re Librandi*, 183 B.R. 379, 385 (M.D.Pa. 1995).

B. **PACA**

The debt that Rahll seeks to be determined non-dischargeable allegedly arises under PACA. *See* 7 U.S.C.A. § 499a, et seq. Relevant to the present case, PACA requires that:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and **any receivables or proceeds from the sale** of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. Payment shall not be considered to have been made if the supplier, seller, or agent receives a payment instrument which is dishonored.. . . 7 U.S.C.A. § 499e(c)(2). (emphasis added).

This provision of PACA creates a trust giving rise to the fiduciary relationship applicable to § 523(a)(4). *In re Masdea*, 307 B.R. at 466. As Zach was a licensed dealer under PACA, it appears that he was subject to PACA's trust requirements.

4

## C. Dischargeability

In the present case, the main dispute between Zach and Rahll is over the intent of the Debtor. Rahll maintains that no element of intent is necessary and the mere inability to pay PACA trust creditors satisfies the requirements of § 523(a)(4). Pl.'s Mem. in Reply to Def.'s Br. in Opp'n to Pl.'s Mot. for Summ. J. 4-5. Zach, on the other hand, maintains that defalcation requires at least a "willful neglect of duty." Def.'s Br. in Opp'n to Pl.'s Mot. for Summ. J. 7.

As noted in *In re Wolke*, the Third Circuit has not yet formally defined defalcation, but the cases require some sort of "affirmative misconduct." 2008 WL 413316, 7 (Bankr. D.N.J. 2008) (referencing *Chao v. Rizzi*, 2007 WL 2317335, 3 (W.D.Pa. 2007) and *In re Parks,* 2007 WL 203380, 16 (Bankr. D.N.J. 2007)). The cases are divided as to the level of culpability required to constitute defalcation for the purposes of § 523(a)(4). *See, e.g., In re Parks*, 2007 WL 2033380, 14 (Bankr. D.N.J. 2007) (noting the differing levels of culpability that courts around the country have employed, ranging from recklessness to innocent mistake); *In re Kohler*, 255 B.R. 666, 669 (Bankr. E.D.Pa. 2000) (declining to comment on the minimum level of culpability necessary to justify denial of discharge as to a particular debt under § 523(a)(4)).

"Nevertheless, some degree of culpability is required to qualify as a defalcation because debts arising from breach of ordinary care are normally dischargeable, and exceptions to discharge are strictly construed in favor of the debtor." *In re Casini*, 307 B.R. 800, 819 (Bankr. D.N.J. 2004). In this District, Judge Thomas has determined that the mere loss in value of an asset held in trust did not result in a violation of § 523(a)(4) if no evidence existed that the Debtor could not identify the asset's location or that the Debtor had used the asset "for his own purposes." *In re Colangelo*, 206 B.R. 78, 85 (Bankr. M.D.Pa. 1996). However, at least one

Case 1:08-ap-00160-RNO    Doc 21    Filed 06/29/09    Entered 06/29/09 15:27:00    Desc
Main Document      Page 5 of 7

court in this circuit has chosen to apply a lighter standard. *See In re Baillie*, 368 B.R. 458, 469 (Bankr. W.D.Pa. 2007) (held even an innocent default by a fiduciary may constitute defalcation under § 523(a)(4)).

From the evidence presented, Rahll has not met its burden to demonstrate the lack of a genuine issue of material fact. Attached to Rahll's Memorandum in Support of Plaintiff's Motion for Summary Judgment is a document labeled "Exhibit 1" and titled "Zach's Produce Profit & Loss Detail" which lists a time period of January through December 2008. The document lists an itemized list of income and expenses with names, dates, descriptions, amounts for the year as well as what appears to be overall balances with respect to certain accounts payable or receivable. The document lists a net income of negative $16,874.67. An affidavit by Zach's father was attached to the Defendant's Statement of Material Facts. The affidavit references that Zach had previously suffered, and almost died from, meningitis while Zach was young, and it also states that at the time the doctors informed him that the extent of damage to Zach's brain would not be able to be determined for years. Zach also filed an affidavit referencing to missing thirty-two days of work in 2008 from Cyclical Vomiting Syndrome and also severe learning disabilities. Zach maintains that these disabilities played a part in the failure of his business venture. Def.'s Br. in Opp'n to Pl.'s Mot. for Summ. J. 8.

As emphasized in the above quote, § 499e(c)(2) of PACA specifically contemplates the sale of agricultural goods received in trust with the trust extending to receivables. It is unclear, based upon this record, whether Zach has even failed to identify the location of such assets, as the above-referenced statement clearly details sales to certain parties and the accounts receivable obtained therefrom. While I need not determine the level of culpability required at this juncture,

6

the mere failure to run a successful business is insufficient, by itself, to justify a denial of discharge for defalcation under § 523(a)(4). Material issues exist as to whether Zach has failed to identify what happened to the assets and whether or not he is guilty of any "affirmative misconduct".

Therefore, given the outstanding genuine issues of material fact, the Motion of Edward G. Rahll & Sons, Inc., for Summary Judgment is hereby denied. Also, a new trial date will be set. An Order will be entered consistent with the foregoing Opinion.

Date: June 29, 2009

_____
Robert N. Opel, II, Bankruptcy Judge
(BI)

*This opinion is electronically signed and filed on the same date.*